**SHU FANG LIN, Jian Quan Huang, Petitioners,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

Nos. 06–3360–ag(L), 06–3361–ag(con).

United States Court of Appeals, Second Circuit.

Jan. 16, 2008.

Gary Yerman, New York, New York, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, Alison M. Igoe, Senior Litigation Counsel, Edward J. Duffy, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioners, Shu Fang Lin and Jian Quan Huang, both natives and citizens of the People's Republic of China, seek review of a June 20, 2006 order of the BIA affirming the November 16, 2004 decision of Immigration Judge ("IJ") Helen Sichel, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shu Fang Lin, Jian Quan Huang,* No. A72 732 698, A70 585 407 (B.I.A. June 20, 2006), *aff'g* No. A72 732 698, A70 585 407 (Immig. Ct. N.Y. City Nov. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision but rejects some of the IJ's reasoning, we review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA adopted and affirmed the IJ's decision, finding that the IJ's adverse credibility determination was not clearly erroneous and that Lin and Huang had not established a well-founded fear of future persecution. However, the BIA disagreed with the IJ's conclusion that, simply by sending their U.S.-born children to live with Lin's mother in China, Lin and Huang had completely undermined their claim that they subjectively feared sterilization at the hands of family-planning officials. Accordingly, we review the agency's finding that Lin and Huang did not establish a well-founded fear of persecution without taking into account the fact that they sent their children to China. *See id.* at 522.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Tao Jiang v. Gonzales,* 500 F.3d 137, 140 (2d Cir.2007).

■ In this case, the IJ's adverse credibility determination was supported by substantial evidence with respect to both Lin and Huang. Lin's statements at her airport interview and credible fear interview, in which she made no mention of a forced abortion, were dramatically inconsistent with the statement attached to her asylum application and with her hearing testimony, in which she described the alleged abortion and the events leading up to it in detail. *See Biao Yang v. Gonzales,* 496 F.3d 268, 272 (2d Cir.2007) (per curiam). This inconsistency was undeniably "substantial" when measured against the record as a whole, *see Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005) and, because Lin's omission went to the heart of her claim, it was a sufficient basis for the IJ's adverse credibility determination, *see Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 454 (2d Cir.2006). The records of both Lin's airport interview and credible fear interview were sufficiently reliable for the IJ to rely on them in making her adverse credibility determination. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). Accordingly, it was reasonable for the agency to draw an adverse inference concerning Lin's credibility based on her failure to mention her alleged forced abortion at her airport interview and credible fear interview. *See id.*

■ The IJ's adverse credibility determination with respect to Huang was also supported by substantial evidence. Huang's original application was based on

his allegation that he had participated in the 1989 pro-democracy movement, an allegation that he later disavowed during his hearing testimony. The IJ properly viewed the complete change in Huang's claim as evidence of his lack of credibility. *See Biao Yang*, 496 F.3d at 272.

Furthermore, the supplemental statement that Huang submitted in 1998 detailing the circumstances of his wife's forced abortion differed dramatically in several key respects from testimony given at the hearing by both Lin and Huang. *See Latifi*, 430 F.3d at 105. According to Huang's statement, he was present when family-planning officials came to his home to arrest his wife and take her to the hospital to terminate her pregnancy, he physically resisted and was beaten to the point of unconsciousness, he ran to the hospital after he regained consciousness, but found that the abortion had already been performed, and he and Lin wept together. However, both Lin and Huang testified that Huang was *not* present when Lin was taken away for her abortion, that Huang was therefore not beaten and left unconscious by the family-planning officials who took Lin away, and that Huang did not see Lin in the hospital following her abortion.

■ Furthermore, Lin and Huang have presented no meaningful evidence to support their contention that they would be subjected to persecution in China based on having had three children. Lin and Huang contend that the background materials support their claim (without their pointing to any specific text), but the materials included in the record contradict Lin and Huang's claim. Thus, the Profile of Asylum Claims and Country Conditions for China indicates that couples returning to China with U.S.-born children are, at most,

subjected to fines. Accordingly, the agency did not err in concluding that Lin and Huang had failed to establish that they had a well-founded fear that they would be subjected to forced sterilization if they returned to China.

Having failed to meet their burden of proof with respect to their asylum claim, Lin and Huang were necessarily unable to meet the higher burdens of proof required to succeed on their claims for withholding of removal and CAT relief, which were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DENIED as moot.